Filed 8/3/23  P. v. Vasquez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B323323 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA074614) |
| v. | |
| ANGELO JACOB VASQUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Rob B. Villeza, Judge.  Reversed and remanded with directions.

Spolin Law, Aaron Spolin and Jeremy M. Cutcher for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In 2007, a jury found defendant and appellant Angelo Jacob Vasquez guilty of two counts of murder, one count of attempted murder and found true personal firearm use allegations. The charges arose from an incident in April 2006 when defendant was 16 years old. Defendant, along with two codefendants who are not parties to this appeal (Christopher Murray and Salvador Jay Villanueva, Jr.) confronted Christopher Trevizo, Demetries Flores and Damon Flores. (*People v. Vasquez* (May 6, 2010, B205698) [nonpub. opn.].) During the altercation, Murray shot and killed Trevizo and Demetries and shot at but missed Damon. (*Ibid*.) Defendants pointed guns at each of the Flores brothers but did not fire their weapons. (*Ibid*.)

Codefendant Murray pled no contest to the charges. Defendant and codefendant Villanueva proceeded to a joint jury trial where they were both found guilty. Defendant was found guilty of two counts of second degree murder and one count of attempted murder. The jury found true the allegation that he personally used a firearm in the commission of all three offenses. Defendant was sentenced to state prison for an indeterminate term of 25 years to life.

In 2010, this court affirmed defendant's conviction in an unpublished decision. (*People v. Vasquez, supra*, B205698.)

After the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.), defendant filed a petition requesting resentencing pursuant to Penal Code section 1172.6 (former § 1170.95) which was summarily denied by the trial court. Former section 1170.95 was renumbered and recodified as section 1172.6 with no change in the text. (Stats. 2022, ch. 58, § 10.) For clarity, we refer to former section 1170.95 only by its new designation (§ 1172.6).

Defendant timely appealed the denial of his petition. We affirmed the denial as to the attempted murder count, concluding

the statutory language, at that time, provided relief only for those individuals convicted of murder. We reversed the denial as to the two murder convictions and remanded for further proceedings. (*People v. Vasquez* (Apr. 22, 2020, B299126) [nonpub. opn.].)

On remand, the trial court issued an order to show cause and set an evidentiary hearing pursuant to Penal Code section 1172.6, subdivision (d)(3). Because of the COVID-19 pandemic, the evidentiary hearing was delayed. While awaiting the hearing date, defendant filed a motion to transfer his case to juvenile court in light of the passage of Proposition 57 and directives issued by the District Attorney's Office in December 2020 regarding the filing of criminal charges against minors. In the interim, the Legislature also passed Senate Bill 775 (2021–2022 Reg. Sess.) which, among other things, extended sentencing relief to those convicted of attempted murder (Stats. 2021, ch. 551, § 2).

The evidentiary hearing pursuant to Penal Code section 1172.6 took place over two days in May and June 2022. In addition to reviewing the record of conviction, the court heard testimony, including from codefendant Murray. After entertaining lengthy argument from counsel, the court took the matter under submission.

At a hearing on July 6, 2022, the court issued its ruling. The court granted defendant's petition in part, finding that the prosecution had not met its burden as to the attempted murder charge. The court vacated defendant's conviction for attempted murder and dismissed that count (count 3). As to the two murder counts (counts 1 & 2), the court found the prosecution had established beyond a reasonable doubt that defendant was guilty of second degree murder either as a direct aider and abettor who had the intent to kill or who acted with implied malice.

3

As to sentencing, the court said that defendant's sentence of 25 years to life "remains the same." Defendant's sentence of "15 years to life as to counts 1 and 2, plus 10 years for section 12022.53(b) remain intact. It's only as to count 3, which was 28 months, which was one-third the midterm, plus 10 years which ran concurrent to the other counts. That portion of the sentence is vacated."

The court went on to deny defendant's motion to transfer, finding that defendant's original sentence of 25 years to life "remain[ed] intact" and therefore it was final and there was no basis for applying Proposition 57 retroactively. Defendant argued the court was resentencing defendant and therefore Proposition 57 retroactivity applied. The court asked the parties to submit supplemental briefing on that issue.

At a hearing on July 19, 2022, the court considered additional argument and stood by its original decision to deny defendant's motion for transfer, reiterating that the original sentence of 25 years to life was not changed despite the dismissal of count 3 and therefore remained final for purposes of Proposition 57.

Defendant appeals from the denial of his motion to transfer. He says the trial court's sentencing following the partial granting of his section 1172.6 petition constituted a resentencing and Proposition 57 retroactivity applies. Respondent concedes a reversal and remand to the juvenile court for a transfer hearing is warranted. We agree.

"In 2016, the voters of California enacted Proposition 57, a measure that amended the law governing the punishment of juvenile offenses in adult criminal court by requiring hearings to determine whether the offenses should instead be heard in juvenile court." (*People v. Padilla* (2022) 13 Cal.5th 152, 158.)

4

Two years later, the Supreme Court concluded that the retroactivity rule of *In re Estrada* (1965) 63 Cal.2d 740 applied to Proposition 57, making its "provisions applicable to all cases in which the judgment was not final when the proposition went into effect." (*Padilla,* at p. 158; *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 309.)

Penal Code section 1172.6, subdivision (d)(3) states that if the prosecution fails to sustain its burden of proof at an evidentiary hearing, then "the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner *shall be resentenced on the remaining charges*." (Italics added.) Vacatur of the attempted murder conviction rendered the judgment not final and required a resentencing hearing. That the court did not impose a different sentence on counts 1 and 2 does not mean the original sentence remained intact and final. Proposition 57 retroactivity applied, and defendant's motion for remand to the juvenile court for a transfer hearing should have been granted.

## DISPOSITION

The order denying defendant and appellant Angelo Jacob Vasquez's motion for transfer to juvenile court is reversed. On remand, the superior court is directed to issue a new order remanding the matter to the juvenile court for a transfer hearing.

GRIMES, J.

WE CONCUR:

STRATTON, P. J.          WILEY, J.

5